IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VERNON WAYNE McNEAL,

        Plaintiff,                    No. CIV S-07-2240 LKK EFB P

    vs.

ERVIN, et al.,

        Defendants.           ORDER

_____/

        Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He seeks leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a). This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff's declaration makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).

        Plaintiff must pay the $350 filing fee. *See* 28 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff must make monthly payments of 20 percent of the preceding month's income credited to his trust account. *See* 28 U.S.C. § 1915(b)(2). The agency having custody of plaintiff shall forward payments from plaintiff's account to the Clerk of the Court each time the amount in the account exceeds $10 until the filing fee is paid.

////

////

1

1    The court has reviewed plaintiff's complaint and, for the limited purposes of § 1915A
2 screening, finds that it states a claim that defendants Ervin and Evert violated his right of access
3 to the courts.  *See* 28 U.S.C. § 1915A.
4    For the reasons explained below, the court finds that the complaint does not state a
5 cognizable claim that any defendant deprived him of his property without due process of law, or
6 any claim whatsoever against defendants R. K. Wong, R. Floto, N. Grannis, T. Felker, Rana,
7 Lasky, Felice or Taylor.
8    Plaintiff alleges that on July 11, 2004, when plaintiff was moved to the Administrative
9 Segregation Unit ("ASU"), his personal property, including legal work, was confiscated.  He
10 alleges that defendants Ervin and Evert incorrectly completed paperwork required to document
11 plaintiff's belongings so that they could be returned to him.  These two defendants listed
12 plaintiff's legal work as "miscellaneous paper work" instead of "legal work," resulting in the
13 loss of paperwork that plaintiff needed to pursue the appeal of his criminal conviction.  Plaintiff
14 alleges that these two defendants acted negligently.  He also alleges that their conduct resulted in
15 the loss of a pair of shorts.  Defendants N. Grannis, T. Felker, Rana, Lasky and Felice appear to
16 have been involved as supervisors in the administrative appeals process.  Defendant Taylor
17 allegedly delivered a property inventory list to plaintiff as the result of plaintiff's administrative
18 appeals.  Plaintiff does not identify the legal theories pursuant to which he intends to proceed.
19 Thus, the court analyzes his allegations under all the theories that reasonably might apply.
20    Section 1983 of Title 42 of the United States Code creates a cause of action against
21 persons who deprive any individual of a right secured to him by the Constitution or laws of the
22 United States while acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48-49 (1988).
23 Insofar as defendants' alleged negligence amounts to an unauthorized or wrongful taking of
24 plaintiff's property, their conduct does not violate the Due Process Clause of the Fourteenth
25 Amendment because state law provides an adequate post deprivation remedy.  *Hudson*, 468 U.S.
26 at 533; *Barnett v. Centoni*, 31 F.3d 813 (9th Cir. 1994) (holding that Cal. Gov't Code § 810

provides such a remedy). A supervisor is liable for constitutional violations of his subordinates if he participated in or directed the violations, or knew of the violations and failed to act to prevent them, *Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir. 1989), or if he implemented a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation, *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir.1989).

Plaintiff's allegations do not entitle him to any relief under these legal theories.

Plaintiff may proceed forthwith to serve defendants Ervin and Evert, and pursue his claims against only those defendants or he may delay serving any defendant and attempt [again] to state a cognizable claim against defendants R. K. Wong, R. Floto, N. Grannis, T. Felker, Rana, Lasky, Felice or Taylor.

If plaintiff elects to attempt to amend his complaint to state a cognizable claim against defendants R. K. Wong, R. Floto, N. Grannis, T. Felker, Rana, Lasky, Felice and Taylor, he has 30 days so to do. He is not obligated to amend his complaint.

If plaintiff elects to proceed forthwith against defendants Ervin and Evert, against whom he has stated a cognizable claim for relief, then within 20 days he must return materials for service of process enclosed herewith. In this event the court will construe plaintiff's election as consent to dismissal of all claims against defendants R. K. Wong, R. Floto, N. Grannis, T. Felker, Rana, Lasky, Felice and Taylor without prejudice.

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). If plaintiff contends he was the victim of a conspiracy, he must identify the participants and allege their

agreement to deprive him of a specific federal constitutional right. In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. *See Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8. Plaintiff must not include any preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like. *McHenry v. Renne*, 84 F.3d 1172, 1177-78 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); *see Crawford-El v. Britton*, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in prisoner cases). The court (and defendant) should be able to read and understand plaintiff's pleading within minutes. *McHenry*, 84 F.3d at 1179-80. A long, rambling pleading including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury, or joining a series of unrelated claims against many defendants, very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

If plaintiff's pleading is deficient on account of an omission or technical defect, the court will not dismiss it without first identifying the problem and giving plaintiff an opportunity to cure it. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000). Plaintiff's pleading will be

construed "liberally" to determine if plaintiff has a claim but it will be dismissed if plaintiff violates the federal rules, once explained, or the court's plain orders.

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 15-220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading is superseded.

By signing a second amended complaint plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations and that for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him. 42 U.S.C. § 1997e(a). The requirement is mandatory. *Booth v. Churner*, 532 U.S. 731, 741 (2001). A California prisoner or parolee may appeal "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, §§ 3084.1, *et seq*. An appeal must be presented on a CDC form 602 that asks simply that the prisoner "describe the problem" and "action requested." Therefore, this court ordinarily will review only claims against prison officials within the scope of the problem reported in a CDC form 602 or an interview or claims that were or should have been uncovered in the review promised by the department. Plaintiff is further admonished that by signing an amended complaint he certifies his claims are warranted by existing law, including the law that he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of his entire action, including his claims against defendants Ervin and Evert.

Accordingly, the court hereby orders that:

1. Plaintiff's request to proceed *in forma pauperis* is granted.

2. Plaintiff is must pay the statutory filing fee of $350 for this action. All payments shall be collected and paid in accordance with the notice to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

5

1  3. Claims against defendants R. K. Wong, R. Floto, N. Grannis, T. Felker, Rana, Lasky,
2  Felice and Taylor are dismissed with leave to amend. Within 30 days of service of this order,
3  plaintiff may amend his complaint to attempt to state cognizable claims against these defendants.
4  Plaintiff is not obliged to amend his complaint.
5  4. The allegations in the pleading are sufficient at least to state cognizable claims against
6  defendants Ervin and Evert. *See* 28 U.S.C. § 1915A. With this order the Clerk of the Court shall
7  provide to plaintiff a blank summons, a copy of the pleading filed October 19, 2007, two
8  USM-285 forms and instructions for service of process on defendants Ervin and Evert. Within
9  20 days of service of this order plaintiff may return the attached Notice of Submission of
10 Documents with the completed summons, the completed USM-285 forms, and three copies of
11 the October 19, 2007, endorsed complaint. The court will transmit them to the United States
12 Marshal for service of process pursuant to Fed. R. Civ. P. 4. Defendants Ervin and Evert will be
13 required to respond to plaintiff's allegations within the deadlines stated in Fed. R. Civ. P.
14 12(a)(1). In this event, the court will construe plaintiff's election to proceed forthwith as consent
15 to an order dismissing his defective claims against defendants R. K. Wong, R. Floto, N. Grannis,
16 T. Felker, Rana, Lasky, Felice and Taylor without prejudice.
17 Dated: October 27, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

6

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VERNON WAYNE McNEAL,

    Plaintiff,                    No. CIV S-07-2240 LKK EFB P

    vs.

ERVIN, et al.,

    Defendants.               NOTICE OF SUBMISSION OF DOCUMENTS

_____/

    Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

        __1__      completed summons form

        __2__      completed forms USM-285

        __3__      copies of the __October 19, 2007__
                                            Complaint

Dated:

                                                        _____
                                                              Plaintiff

7