IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VERNON WAYNE MCNEAL,

      Plaintiff,

vs.

ERVIN, et al.,

      Defendants.

No. CIV S-07-2240 LKK EFB P

ORDER AND
FINDINGS AND RECOMMENDATIONS

_____/

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Defendants have moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff has filed an opposition, a motion for leave to file an amended complaint and an amended complaint.[1] For the reasons explained, defendants' motion is denied, plaintiff's motion to file an amended complaint is granted, and this action must be dismissed for plaintiff's failure to state a claim.

////

////

---

[1] Plaintiff filed a motion to file an amended complaint on September 21, 2001. Dckt. No. 21, 22. On October 5, 2009, he filed another motion to amend and an amended complaint. Dckt. No. 23, 24. All references to plaintiff's motion to amend and the amended complaint refer to those filed October 5, 2009.

1

## I. Background

Plaintiff commenced this action with a complaint filed October 19, 2007. Dckt. No. 1. He alleged therein that on July 11, 2004, in the course of moving him from the general population to the ASU, defendants Ervin and Evert confiscated his legal materials and intentionally inventoried them improperly. Compl., at 5, 6. Thus, the inventory sheet did not reflect that plaintiff had possessed legal materials and they apparently were lost. *Id.* & Attach., at 1-2. While he was in the ASU, he filed grievances complaining about defendants' conduct and requesting that his legal materials be returned. Compl., at 8-11. His attempts were of no avail. When this court issued findings and recommendations on June 8, 2005, recommending that his petition for a writ of habeas corpus in Case No. S-02-1413 LKK KJM be denied, he still did not have his legal materials. Compl., at 14 (citing Ex. 19). Plaintiff sought and received two extensions of time in order to obtain his legal materials and file objections. *Id.*, (citing Exs. 19, 20). However, his materials were not returned. *Id.*, at 14-15.

Notwithstanding the lack of legal materials, plaintiff filed objections to the findings and recommendations, which are eight pages in length and present detailed legal arguments in support of his case, offering factual support where necessary.[2] *Id.* & Case No. Civ S-02-1413 LKK KJM, Dckt. No. 35.[3] Unpersuaded, the district judge adopted the findings and recommendations and denied habeas relief. Am. Compl., at 15 (citing Ex. 21). Not to be thwarted, petitioner filed a timely notice of appeal. *See* Case No. Civ.02-1413 LKK KJM, Dckt. No. 37. About five weeks later, plaintiff filed a four-page, detailed application for a certificate of appealability. *Id.*, (citing Ex. 22). The Ninth Circuit declined to review this court's judgment,

---

[2] Plaintiff challenged jury instructions and the length of his sentence. Thus, the analysis was not fact-specific.

[3] Plaintiff did not submit all the documents to which he refers. Thus, the court takes judicial notice of the proceedings in Case No. CIV S-02-1413. *United States v. Wilson*, 631 F.2d 118, 119-20 (9th Cir. 1980) (court may take judicial notice of its own records in other cases).

and denied his application for a certificate of appealability.[4] *Id.*, (citing Ex. 23). Still undeterred, plaintiff sought review in the United States Supreme Court. *See Id.*, at 17, 18. He was unsuccessful, allegedly because he could not submit the decision for which he sought review. *Id.*

Defendants have moved to dismiss this action on the ground that plaintiff has not alleged he suffered any injury as required by *Lewis v. Casey*, 518 U.S. 343, 246 (1996). Def.'s Mot. to Dism., at 4. In response, plaintiff moves to amend the complaint, restating his access to courts claim and adding claims of retaliation. Pl.'s Am. Compl.

## II. Plaintiff's Motion to Amend and Defendants' Motion to Dismiss

Under the applicable rule, "A party may amend its pleading once as a matter of course before being served with a responsive pleading." Fed. R. Civ. P. 15(a)(1)(A). As noted, plaintiff seeks leave to amend in response to defendants' motion to dismiss pursuant to Rule 12(b)(6), which is not a responsive pleading. Fed. R. Civ. P. 7(a). Defendants have not filed a responsive pleading. Accordingly, plaintiff's motion to file an amended complaint is granted. Furthermore, plaintiff's amended complaint supersedes the prior complaint, which now is treated as nonexistent. *Bullen v. De Bretteville*, 239 F.2d 824, 833 (9th Cir. 1956). Accordingly, defendants' motion to dismiss the earlier complaint is denied as moot.

### A. Review Pursuant to 28 U.S.C. § 1915A

Having permitted plaintiff to file an amended complaint, the court must review it pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the court finds that plaintiff fails to state a claim for relief.

### B. Standards for 28 U.S.C. § 1915A Review

The relevant portion of § 1915A requires a court to dismiss a complaint that is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1).

---

[4] Plaintiff claims never to have received the order of denial. *Id.*, at 15.

The notice pleading standard of Federal Rule of Civil Procedure 8(a) applies to actions brought under section 1983. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512, (2002); Fed. R. Civ. P. 8(a). Thus, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). To proceed on a cause of action, a plaintiff must allege facts which, if true, "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937, 1949 (2009) (stating that Rule 8 "demands more than a more than an unadorned, the defendant unlawfully harmed me, accusation."). While factual allegations are accepted as true, legal conclusions are not. *Twombly*, 550 U.S. at 555. In conducting this review, the court must construe a pro se pleading "liberally" to determine if it states a claim and, before dismissal, tell a plaintiff of deficiencies in his complaint and, if appropriate, give plaintiff the opportunity to cure them. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000). Notwithstanding plaintiff's pro se status, the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the compliant are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (citations omitted).

**C. Analysis**

In the amended complaint, plaintiff claims that by improperly inventorying his property, Ervin and Everet unconstitutionally interfered with his efforts to obtain habeas corpus relief. Am. Compl., at 6, 7,8, 14. He also claims that defendants' conduct was retaliatory. *Id.*, at 3, 5, 6, 11, 14.

**1. Access to the Courts**

Plaintiff alleges that defendants' conduct ultimately denied him access to the courts by causing him to miss a filing deadline in the United States Supreme Court. It is well established

4

that prisoners "have a constitutional right of access to the courts," *Bounds v. Smith*, 430 U.S. 817, 821, (1977); *Lewis v. Casey*, 518 U.S. 343, 350 (1996).  As the Supreme Court explained in Bounds, this right "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds*, 430 U.S. at 828.  But the Supreme Court also has instructed that "Bounds did not create an abstract, freestanding right to a law library or legal assistance." *Lewis*, 518 U.S. at 351.  Rather, the touchstone of the right recognized in *Bounds* was meaningful access.  *Id.*, at 350.  Thus, any claim that this right has been violated must include an allegation of actual injury, i.e., that the alleged obstacle "hindered his efforts to pursue a legal claim." *Id.*, 351.

A prisoner suffers injury when, for example, a court dismisses an action for a prisoner's failure to satisfy deadlines or some other technical requirement because of state interference with his right.  *See Id.*  It is clear from plaintiff's allegations that defendants' conduct did not create an unconstitutional impediment to his pursuit of habeas relief.  Plaintiff clearly knew how to, and in fact did, navigate the federal court system.  He timely made what appears to have been the same effort as any other prisoner in overcoming the recommendation that habeas relief be denied.  Also, he timely filed legally and factually coherent, if unsuccessful, objections.  His notice of appeal was timely filed, and in his request for appellate review he cited legal precedent and articulated factual support for his argument.  Following the Ninth Circuit's refusal to review this court's judgment, he attempted to file a petition for a writ of certiorari in the United States Supreme Court.  That court denied the petition for procedural reasons.  This, however, is not dispositive of the question.

Overall, petitioner did a remarkable job in pursuing habeas relief without his legal materials.  He satisfied every deadline and briefed the issues of concern to him, which is all that is required under *Lewis*.  Under *Twombly*, 550 U.S. at 555, 570 and *Iqbal*, 129 S.Ct. at 1591-92, plaintiff must demonstrate that his entitlement to relief is at least plausible.  Here, assuming the

5

truth of the facts alleged, plaintiff's conclusion that he was denied access to the court is not plausible. Rather, the more likely explanation is that plaintiff failed to secure habeas relief not because he lacked his legal materials, but because his case lacked merit. *See Iqbal*, 129 S.Ct. at 1951 (plaintiff's claim not plausible where a more likely explanation of the facts exists). Plaintiff has not alleged facts which, taken as true, would make the element of injury any more than a matter of speculation. Therefore, he has not satisfied the low threshold of pleading under the Federal Rules. He has not stated a claim for relief, and this claim must be dismissed.

### 2. Retaliation

Plaintiff alleges that defendants' conduct with respect to confiscating his property was motived by an intent to retaliate. Am. Compl., at 5, 14. He alleges that Ervin and Evert intended to retaliate against him because they learned that plaintiff's cell-mate had engaged in misconduct with a guard. *Id.*, at 3, 5, 6, 11, 14. Thus, the act allegedly motivating the defendants' alleged retaliation was not plaintiff's. Nor has plaintiff alleged facts associating him with the cell-mate's constitutionally protected activity. To state a claim for retaliation, plaintiff must allege that defendants took adverse action against him for his engagement in a constitutionally protected activity, and that the adverse action chilled plaintiff's exercise of his rights, but did not reasonably advance a legitimate penological goal. *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005); *Rizzo v. Dawson*, 778 F.2d 527, 531-32 (9th Cir. 1985). Plaintiff has made no such allegations here. Rather, he alleges that defendants took adverse action against him because they learned of misconduct on the part of others. He does not allege that he reported the misconduct or that defendants would be motivated to retaliate against him if he had. Plaintiff's allegations in no way implicate defendants in retaliatory conduct towards plaintiff. Accepting plaintiff's allegations as true, there is no construction of plaintiff's complaint that would "nudg[e] [his] claims" of retaliation "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Therefore, this claim must be dismissed.

////

Plaintiff also alleges that defendants improperly inventoried his property because he had dumped a food tray onto the floor. Am. Compl., at 11. Under the standard set out above, an act is retaliatory only if it chills or undermines the exercise of a constitutional right. *See*, *e.g., Schroeder v. McDonald*, 55 F.3d 454, 461 (9th Cir. 1995) (pursuing civil rights litigation in the courts); *Gomez v. Vernon*, 255 F.3d 1118, 1127 (9th Cir. 2001) (complaints about the law library); *Hines v. Gomez*, 108 F.3d 265, 269 (9th Cir. 1997) (use of grievance system). Here, the act allegedly motivating defendants' conduct did not implicate plaintiff's exercise of a constitutional right. Plaintiff's act cannot be seen as the exercise of a constitutional right. In fact, upsetting a food tray is conduct which ought to be undermined. Thus, the realistic view of plaintiff's behavior is that it amounts to a disruption wholly inconsistent with retaliation. *See Iqbal*, 129 S.Ct. at 1951 (considering whether the facts alleged where "consistent" with plaintiff's theory of relief). Taking the facts alleged as true, plaintiff has not stated a claim of retaliation. Accordingly, this claim must be dismissed.

**III.    Conclusion**

For the reasons explained above, plaintiff's motion to file an amended complaint is granted, and defendants' motion to dismiss this action is denied as moot. Furthermore, plaintiff has failed to state a claim for relief as to any claim in his amended complaint. Thus, this action must be dismissed.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's September 21, 2009, motion to file an amended complaint is granted.

2. Defendants' May 11, 2009, motion to dismiss is denied as moot.

3. The Clerk is directed to terminate docket numbers 21 and 22.

Further, it is hereby RECOMMENDED that this action is dismissed on the ground that plaintiff fails to state a claim for relief. *See* 28 U.S.C. § 1915A(b)(1).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days

after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 20, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE